**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS FERNANDO PANDO MERCHAN,<br>*Petitioner,*<br>v.<br>J.L. JAMISON, et al.,<br>*Respondents.* | CIVIL ACTION<br>NO. 26-7611 |

## ORDER

**AND NOW**, this 19th day of October, 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), the Government's Response in Opposition, (Dkt. No. 4) and Petitioner's Reply, (Dkt. No. 6), it is hereby **ORDERED** that:

1. The Petition is **DENIED** without prejudice.[1]

---

[1] Petitioner Luis Fernando Pando Merchan is a citizen of Ecuador, (Pet. ¶ 22, Dkt. No. 1), and has lived in Upper Darby, Pennsylvania since approximately 2022, (*Id.* ¶ 18). On the morning of September 26, 2026, Immigration and Customs Enforcement agents stopped a car in Upper Darby and interviewed several individuals, including Pando Merchan. (*Id.* ¶ 20.) ICE agents arrested and transported Pando Merchan to the Philadelphia Detention Center, (*id.* ¶¶ 20–22), where he remains detained under 8 U.S.C. § 1226(a), (*id.* ¶ 6; Gov't Resp. in Opp'n at 2, Dkt. No. 4).

Pando Merchan filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, due process and the Accardi Doctrine. (Pet. ¶¶ 58–78.) He seeks an order declaring his detention unlawful, preventing his transfer outside the Eastern District of Pennsylvania, and his immediate release. (*Id.* at 25–26.) He argues that he need not exhaust the administrative remedies under 8 U.S.C. § 1226(a) and implementing regulations. (Pet. ¶¶ 24–32.) The Government claims Pando Merchan is lawfully detained under § 1226(a) and must exhaust his administrative remedies. (Gov't Resp. in Opp'n at 5–8.)

Petitioners "are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases). Exhaustion may be excused if an attempt to obtain relief would be futile. *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010). A futile argument is not the same, however, as one that would likely fail if it had been raised. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (collecting cases).

The Government provided Pando Merchan "the opportunity to request a custody redetermination (i.e., a bond hearing) before an immigration judge" but Pando Merchan declined such a hearing by signing a form and checking a box that he "do[es] not request an immigration judge review of this custody determination." (Gov't Resp. in Opp'n at 5.) Until he does so, "the merits of [his] claims that he is being held in violation of federal law are [not] ripe for review." *Ubaid*, 2026 WL 1346670, at *3; *Doe v. Jamison*, No. 26-1906, 2026 WL 916568, at *4 n.36 (E.D. Pa.

2. The Motion for Discovery, (Dkt. No. 5), is **DENIED** without prejudice as moot.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

---

Mar. 31, 2026) (holding that due process claims are not ripe for review until and unless the petitioner fully exhausts the administrative process); *Lacruz Rondon v. Jamison*, No. 26-CV-07230, 2026 WL 2969105, at *3 (E.D. Pa. Oct. 2, 2026) (collecting cases and holding that because "the record reflects that Petitioner has not requested a bond hearing" and followed the administrative process, his "claims are not yet ripe for review").